J-A23013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DILLON MCCANDLESS KING COULTER & GRAHAM, LLP, THOMAS W. KING, III, ESQUIRE, AND MICHAEL T. RUPERT | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| JACQUELINE C. RUPERT | |
| Appellant | No. 1648 WDA 2015 |

Appeal from the Order September 18, 2015
In the Court of Common Pleas of Butler County
Civil Division at No(s): 12-10019

BEFORE:  LAZARUS, J., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 20, 2017**

Jacqueline C. Rupert appeals from the order of the Court of Common Pleas of Butler County, entering declaratory judgment with respect to certain questions related to the disposition of the proceeds of an underlying tort settlement, as well as obligations under a fee agreement entered into by and between Rupert, her ex-husband, Michael T. Rupert, and her former counsel in that litigation, appellees Dillon McCandless King Coulter & Graham, LLP, and Thomas W. King, III, Esquire.  Upon careful review, we affirm.

The trial court thoroughly set forth the extensive factual and procedural history of this matter in its September 18, 2015, Memorandum

_____

[*] Retired Senior Judge assigned to the Superior Court.

Opinion. **See** Trial Court Opinion, 9/18/15, at 2-6. As we write only for the parties, who are intimately familiar with the history of the case, we will not repeat that background information here.

Jacqueline has raised the following issues for our consideration:

1. Whether there was a justiciable controversy when Dillon McCandless sought declaratory relief (1) that it did not have to pay expenses[,] which were not being paid and which Jacqueline never sought[,] and (2) . . . that Jacqueline was not entitled to certain funds, a matter previously decided in a domestic action between Michael and Jacqueline?

2. Whether the doctrine of *lis pendens* prevented Michael from asserting a claim that he previously brought in a domestic action which was pending [prior to] this action?

3. Did the doctrines of [j]udicial [e]stoppel, [r]es [j]udicata, [c]ollateral [e]stoppel or [c]oordinate [j]urisdiction bar Michael from pursuing a different result in a declaratory civil action previously decided favorably to him in a domestic declaratory judgment action brought by him?

4. Should the trial court have ordered Dillon McCandless to deposit an unknown but substantial sum of money, to which it acknowledged it had no claim, into an IOLTA account for an extended period and provide no evidence of the amount, how [it was] calculated or that it was deposited?

5. Did Dillon McCandless have standing to bring an action to determine ownership of funds to which it had no claim; and could have been interpled?

6. Is Jacqueline, who has been awarded the unknown sum of money, entitled to interest for the period during which it was withheld and retained by Dillon McCandless or Michael who could have but did not interplead it?

7. Whether money to which only one party in the litigation is entitled should be withheld pending the outcome of an appeal not involving entitlement to that money?

Brief of Appellant, at 4-5.

- 2 -

As the trial court notes in its Pa.R.A.P. 1925(a) opinion dated December 1, 2015, this case has a "long and contentious" history. *Id.* at 6. In particular, it is apparent from the tone and substance of both parties' briefs that significant animosity exists, not only between the parties, but also between their counsel. At the heart of this dispute is Jacqueline's contention that Dillon McCandless filed the instant declaratory judgement action under false pretenses. Specifically, Jacqueline has long asserted that the declaratory judgment action "was only a vehicle for Dillon McCandless, acting with the connivance of Michael, to obtain a platform for a coordination motion under Pa.R.C.P. 213 to change the venue for the anticipated malpractice and fraud case [against Dillon McCandless from Allegheny County to Butler County] and to bully Jacqueline into not pursuing it." Brief of Appellant, at 32-33. Indeed, this Court arrived at the same conclusion in reversing the trial court's order directing coordination of the suits. In doing so, this Court noted:

> [T]he present declaratory judgment action was filed on an entirely false premise. A declaration was sought concerning the validity of an accord that Jacqueline never claimed was void. . . . This action was instituted based upon fabricated allegations, which were not oversights or minor mistakes but which formed the complete underpinning of the lawsuit. The [declaratory judgment] litigation was nothing more than a ploy designed to deprive Jacqueline of the benefit of her chosen forum in which to litigate her malpractice case. . . . [W]e hold that the [declaratory judgment complaints] are nullities for purposes of a coordination order.

***Dillon McCandless v. Rupert***, 1573 WDA 2012, at 16-17 (Pa. Super. filed 11/7/13) (unpublished memorandum decision) (vacating order coordinating declaratory judgment and malpractice actions in Butler County and directing that malpractice action proceed in Allegheny County).

Thus, we are presented with a confounding situation where, in an appeal concerning a distinct, though clearly related, matter, this Court has previously concluded that Dillon McCandless' declaratory judgment action – at least in its first two incarnations[1] – was a sham. Nevertheless, not being bound by that finding,[2] the trial court allowed Dillon McCandless to amend its declaratory judgment complaint. The trial court ultimately concluded that, while Dillon McCandless' third amended complaint in declaratory judgment presented a legitimate question as to the enforceability and application of the Amended Fee Agreement, the Agreement was, in fact, valid and Jacqueline was entitled to her agreed-upon recovery thereunder.

For her part, Jacqueline's objections to Dillon McCandless' declaratory judgment action did not involve any claim on her part that the Amended Fee

_____

[1] Dillon McCandless filed an original and two amendments of its declaratory judgment complaint, all of which were dismissed on preliminary objections, before the trial court allowed the fourth version to proceed. This Court rendered its decision on the coordination issue after the complaint had been dismissed twice and while preliminary objections to the third incarnation were pending.

[2] Jacqueline does not assert that the trial court in this matter was bound by this Court's findings regarding the fabricated nature of Dillon McCandless' declaratory judgment action.

Agreement was void or unenforceable.  ***See*** Answer, 5/8/15, at ¶ 133 ("Although originally having contended that Jacqueline alleged that the Amend[ed Fee Agreement] was not enforceable, [Dillon McCandless] now acknowledge that she never contested its validity.").  Indeed, Jacqueline's answer and new matter defended the validity of the Amended Fee Agreement and sought, in its *ad damnum* clause, payment of the 3-1/3 percent of the proceeds allocated to her thereunder.  Moreover, on appeal, Jacqueline's issues – with the exception of her claim for statutory interest – relate only to the appropriateness of the declaratory judgment action itself, and not to the underlying issue of the validity of the Amended Fee Agreement.

However, challenges to the procedural mechanism by which Dillon McCandless brought this matter before the court are now moot, as Jacqueline's recovery is the same whether or not we find merit to her claims. Under the Amended Fee Agreement, **the validity of which Jacqueline does not dispute**, Jacqueline is entitled to 3-1/3 percent of Michael's recovery in the underlying Ford litigation.[3]  Thus, even if she prevailed on the substance of her appellate claims, she has not demonstrated that she

_____

[3] She has conceded that this sum is equal to $103,230, the amount that is currently on deposit with the Prothonotary of Butler County.

has suffered any prejudice. Her claims – save the question of interest—are simply academic at this point.[4]

Accordingly, we will address the only justiciable issue that remains, Jacqueline's entitlement to interest on her portion of the settlement proceeds. Jacqueline asserts that she is entitled to statutory interest from the date Michael settled with Ford, December 3, 2013, to present. Relying on **Penneys v. Pennsylvania Railroad Company**, 183 A.2d 544 (Pa. 1962), and **Christo v. Tuscany, Inc.**, 533 A.2d 461 (Pa. Super. 1987), Jacqueline argues that, under Pennsylvania law, a plaintiff may recover interest as a matter of right in matters arising out of a contract dispute. She claims that, because Dillon McCandless was holding the money, they are liable to pay the interest.

The trial court concluded that, because it found that a legitimate question existed as to the application of the Amended Fee Agreement, Dillon

_____

[4] Even if we were to conclude, as Jacqueline requests, that: (1) there was no justiciable controversy upon which to base a declaratory judgment action, **see** Brief of Appellant, at 4 (Statement of Questions Involved, No. 1); (2) the doctrine of *lis pendens* precluded Michael from seeking a determination as to the effect of the Amended Fee Agreement, **see** Brief of Appellant, at 4 (Statement of Questions Involved, No. 2); (3) the doctrines of judicial estoppel, *res judicata*, collateral estoppel and coordinate jurisdiction bar Michael's declaratory judgment claims, **see** Brief of Appellant, at 4 (Statement of Questions Involved, No. 3); and (4) Dillon McCandless lacked standing to bring the declaratory judgment action, **see** Brief of Appellant, at 4 (Statement of Questions Involved, No. 5), Jacqueline would be in the same position she is now: pursuant to the Amended Fee Agreement, Jacqueline would remain entitled to 3-1/3 percent of Michael's Ford settlement and nothing more.

McCandless did not improperly withhold Jacqueline's proceeds pending the resolution of the declaratory judgment action. *See* Trial Court Opinion, 12/1/15, at 3. As such, the court declined to award interest. We can discern no error of law or abuse of discretion.

Jacqueline cites ***Penneys***, ***supra***, in which our Supreme Court relied on the Restatement (First) of Contracts § 337[5] to support the award of statutory interest in a contract claim, even where there is a good-faith dispute as to the debt or other duty owed. Here, however, there was no "breach of contract" that precipitated an "award" by the court. Indeed,

_____

[5] Section 337 of the Restatement provides:

> If the parties have not by contract determined otherwise, simple interest at the statutory legal rate is recoverable as damages for breach of contract as follows:
>
> > (a) Where the defendant commits a breach of a contract to pay a definite sum of money, or to render a performance the value of which in money is stated in the contract or is ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices of the subject matter, interest is allowed on the amount of the debt or money value from the time performance was due, after making all the deductions to which the defendant may be entitled.
>
> > (b) Where the contract that is broken is of a kind not specified in Clause (a), interest may be allowed in the discretion of the court, if justice requires it, on the amount that would have been just compensation if it had been paid when performance was due.

Restatement (First) of Contracts § 337 (1932).

Jacqueline never actually asserted a claim to the 3-1/3 percent until she filed her Answer and New Matter to Dillon McCandless' third amended complaint on May 12, 2015. Prior to that, she studiously avoided taking a position, either in her pleadings or in court.[6] Indeed, in filing a declaratory judgment action, Dillon McCandless arguably sought to avoid a situation in which a breach of the contract would occur. Thus, **Penneys** and section 337 are inapplicable.

Likewise, Jacqueline's reliance on **Christo v. Tuscany, Inc.**, **supra**, is misplaced. **Christo** involved the question of whether recovery of damages for an improvidently issued injunction could be limited by the amount of the bond posted by the plaintiff under Pa.R.C.P. 1531(b) and whether defendants were entitled to lost investment income on their security. The Court concluded, under Rule 1531, that the defendant's recovery was not

_____

[6] For example, the following exchange took place between Michael Linn, Esquire, counsel for Michael, and Joshua Lyons, Esquire, counsel for Jacqueline, at the April 16, 2014 hearing on Dillon McCandless' petition to maintain status quo:

> [MR. LINN:] So, you know, with respect, Judge, if you ask Mr. Lyons do you make a claim of this money, if the answer is no, there's an awful lot of trees we just cut down in the forest. If the answer is yes, we have a focused field to plow. Easy.

> MR. LYONS: Unfortunately, I can't give a response to that right now[.]

N.T. Hearing, 4/16/14, at 20.

limited to the amount of the bond and that lost profit damages directly attributable to the improvidently granted injunction were recoverable, where ascertainable with reasonable certainty. **Christo** is readily distinguishable from the instant matter. **Christo** involved the grant of a special injunction under the Rule 1531 of the rules of civil procedure, which provided a specific remedy for a party injured by an improvidently granted preliminary injunction.[7] The instant matter does not involve an injunction governed by rule or statute; indeed, Jacqueline cites no specific basis, statutory or otherwise, that provides for the award of interest in a declaratory judgment action.

For the foregoing reasons, we conclude that the trial court did not err in declining to award interest to Jacqueline. Further, Jacqueline's remaining appellate claims are moot.

_____

[7] Rule 1531(b) provides, in relevant part, as follows:

> (b) . . . [A] preliminary or special injunction shall be granted only if
>
> > (1) the plaintiff files a bond in an amount fixed and with security approved by the court, naming the Commonwealth as obligee, conditioned that **if the injunction is dissolved because improperly granted or for failure to hold a hearing, the plaintiff shall pay to any person injured all damages sustained by reason of granting the injunction and all legally taxable costs and fees**[.]

Pa.R.C.P. 1531(b) (emphasis added).

Order affirmed. Motion to dismiss denied. Motion to release funds denied.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/20/2017